**Evelia CAMPUZANO–BLANCO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 10–73915.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Evelia Campuzano Blanco, Los Angeles, CA, pro se.

Jesse David Lorenz, Esquire, Trial, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Evelia Campuzano–Blanco, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Campuzano–Blanco's motion to reopen as untimely where the motion was filed over nine months after the BIA's order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order), and Campuzano–Blanco failed to present material evidence of changed circumstances in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Delgado–Ortiz v. Holder,* 600 F.3d 1148, 1151 (9th Cir.2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground.").

We lack jurisdiction to review the BIA's November 2, 2009, order dismissing Campuzano–Blanco's appeal from the immigra-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion judge's decision denying cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

We also lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir.2011).

Finally, we reject Campuzano–Blanco's contention that her removal results in the deprivation of her children's due process rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.